## RODHAM CHESTNUT *v.* McBRIDE.

1. JURISDICTION OF THE SUPREME COURT. The jurisdiction of this court is appellate only with such incidental jurisdiction as is necessary to consummate its decrees and judgments.

2. Therefore, upon the *nulla bona* return of execution against an administrator, upon a judgment against him as such here, the court cannot

Chestnut *v.* McBride.

award personal judgment against him, although he may have committed a *devastavit*, etc., as this would involve the exercise of original jurisdiction.

FROM ————.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

McBride recovered a judgment in this court against Rodham Chestnut, as executor of Samuel Chestnut, on which execution issued against Rodham Chestnut, to be levied of the goods and chattels, etc., of Samuel Chestnut, in his hands to be administered, which has been returned *nulla bona.* The executor filed no plea of fully administered, or of no assets, but permitted judgment to be rendered without plea.

The application now is, that we render judgment against Rodham Chestnut, to be levied of his own proper goods, etc. Assuming that by omitting to plead fully administered, or no assets, the executor has subjected himself to liability for the amount of the judgment, upon the ground that his omission to put in the plea indicated was an admission of assets sufficient to pay the debt, the question arises as to the jurisdiction of this court to render the judgment asked for.

Our jurisdiction is only appellate, together with such other jurisdiction as is proper and necessary in carrying out and consummating the judgments or decrees rendered by this court. This is not an application to enforce the judgment already rendered—that was a

Chestnut *v.* McBride.

judgment against the goods and chattels, rights and credits of Samuel Chestnut, in the hands of Rodham Chestnut to be administered—but it is an application to render a judgment for the same amount against Rodham Chestnut personally, and to do this we must use the judgment already rendered against him as executor as the evidence on which to render the new judgment. This would not be a proceeding to enforce the former judgment against the party or the property against which it was rendered, but against a different party, and to subject different property to its satisfaction. It would be to enforce in this court a personal liability incurred by Rodham Chestnut for a *devastavit,* which is assumed to be established by the fact that he has omitted to plead the proper pleas to avoid personal liability.

We are of opinion that it would involve necessarily the exercise of original jurisdiction to render the judg-judgment asked for. We are therefore constrained to refuse the application, and to dismiss the *scire facias.*